## JESSE BUCKNAM *et al. versus* NATHANIEL GODDARD *et al.*

The plaintiff sold goods to A on a credit ; A immediately sold them again to the defendant ; and the plaintiff brought replevin for them, on the ground that they had been obtained of him through the fraud of A and the defendant. *Held*, that A's interest in the suit was precisely balanced, and consequently that he was a competent witness for the defendant.

REPLEVIN to recover eighty sides of leather. The defendants claimed property in the leather by a purchase from Aldrich & Co., to whom it had been sold by the plaintiffs The plaintiffs alleged that the leather was obtained by fraud and deception on the part of Aldrich & Co. in making their purchase, and that the defendants knew this when they purchased of Aldrich & Co. ; that Aldrich & Co. were greatly embarrassed in their affairs, as the defendants well knew, and that the purchase from the plaintiffs was made, either to induce the defendants to accommodate Aldrich & Co. by indorsing for them when the defendants were otherwise unwilling to do so, or that the defendants might obtain payment

of what was due to them from Aldrich & Co., and which they were apprehensive could not otherwise be recovered. The defendants offered in evidence the deposition of Aldrich, but the plaintiffs objected to his competency as a witness, on the ground that he was interested to sustain the transaction. The objection was overruled and the deposition was read. The jury returned a verdict for the defendants, and the plaintiffs excepted to the ruling of the judge in admitting the deposition.

*Washburn* and *Randall*, in support of the exception, cited *Lewis* v. *Peake*, 7 Taunt. 153.

*C. Allen* and *Miles*, for the defendants.

SⱧAW C. J. delivered the opinion of the Court. The witness stood in such a relation that he would be bound to the amount of the actual value of the goods, which are the subject of this suit, to one party or the other, in any event, and so his interest was precisely balanced. If the defendants fail, upon the question of title, the witness, as his vendor, will be bound on his implied warranty of title, to make good the loss to the defendants. If the plaintiffs fail to hold the goods, they will have their remedy against the witness, on the contract of sale.

Whether the liability for costs would make the witness interested and incompetent or not, is a question which does not arise, because it does not appear that the witness would be liable to the defendant for costs. In general a vendor, on such implied warranty, would not be liable to the vendee on failure of title, for costs of a previous defence, unless the defence was made for his benefit and at his expense ; there is no evidence that it is so in this case. *Eldridge* v. *Wadleigh*, 3 Fairfield, 371 ; *Nix* v. *Cutting*, 4 Taunt. 17 ; *Ridley* v. *Taylor*, 13 East, 175.

*Judgment on the verdict.*